UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRUCE S. SMITH, MD,
    DEFENDANT-APPELLANT,        NO. 1:08-CV-46

v.

SANDRA STERLING-AHLLA,        Hon. Harry D. Lienenweber, Presiding
    PLAINTIFF-APPELLEE.

                                 ADVERSARY NO. 07 A 00012

BRUCE S. SMITH, MD                  BANKRUPTCY NO. 05 40196
    FORMER DEBTOR,

BRIEF OF APPELLANT BRUCE S. SMITH, MD

      Defendant-appellant Bruce S. Smith, MD, by his attorney, Steven H. Jesser, Attorney at Law, P.C., submits herein his brief in support of his appeal to this Court from the Findings of Fact and Conclusions of Law entered by Hon Jack B. Schmetterer in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on 12/17/07 (Exhibit M of defendant's designation of content of the record on appeal and statement of issues to be presented on appeal). The action before Judge Schmetterer consisted of consolidated adversary proceedings brought by Sandra Sterling-Ahlla (No. 07 A 12) and Trina Tidwell (No. 07 A 11), both related to appellant's former bankruptcy action (No. 05 B 40196).

TABLE OF CONTENTS

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION……………………………1

STATEMENT OF ISSUES PRESENTED……………………………………………………..2

APPLICABLE STANDARD OF APPELLATE
REVIEW…………………………………………………………………………………………..2

*Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Circ., 1994)…………………………...2

STATEMENT OF THE CASE………………………………………………………………………3

ARGUMENT……………………………………………………………………………………...5

*In re Pelkowski,* 990 F.2d 737, 744 (3d Cir.1993)……………………………………………..6

*In re Trost,* 164 B.R. 740, 743 (Bankr.W.D.Mich.1994)…………………………………………6

*In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir.1986). ………………………………………………6

*In re Edmonds,* 924 F.2d 176, 180 (10th Cir.1991)………………………………………………6

*In re Dietz,* 914 F.2d 161, 163 (9th Cir.1990)……………………………………………………6

*In re Lawler,* 141 B.R. 425, 429 (9th Cir. BAP 1992)……………………………………………7

*In re Serafini,* 938 F.2d 1156, 1157 (10th Cir.1991)……………………………………………..7

*In re Topper,* 85 B.R. 167, 169 (Bankr. S.D.Fla.1988)…………………………………………...7

*Mid-Tech Consulting, Inc. v. Swendra,* 938 F.2d 885, 888 (8th Cir.1991)………………………7

CONCLUSION……………………………………………………………………………………8

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

Rule 8013. Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to <u>judge</u> the credibility of the witnesses.

## STATEMENT OF ISSUES PRESENTED

1. Whether debtor committed fraud or mere inadvertence in his listing of creditors in his voluntary petition in its statement of financial affairs and not its schedule of creditors.

2. Whether creditors, through their mutual attorney, were on due notice of debtor's voluntary petition, through faxing to their attorney in the month prior to discharge, and through listing of them in the schedule of creditors in debtor's previous voluntary petition.

3. Whether the Court's prior discharge in bankruptcy of creditors' claims should have been vacated, to allow their state court actions to proceed.

APPLICABLE STANDARD OF APPELLATE REVIEW

When a district court reviews a decision of a bankruptcy court, it reviews the factual findings for clear error and its legal considerations *de novo.* Fed R. Bankr. P. 8013; *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Circ., 1994).

STATEMENT OF THE CASE

1. Defendant Bruce S. Smith, MD was the debtor in USBC ND IL ED No. 04-23845 and USBC ND IL ED No. 05—40196, both upon voluntary petitions pursuant to Chapter 7 of Title 11 of the United States Code.

2. In defendant's prior bankruptcy action, USBC ND IL ED No. 04-23845 (Defendant's Exhibit 1.), which action he caused to be filed on June 24, 2004, defendant included in the voluntary petition "Schedule F.-Creditors Holding Unsecured Nonpriority Claims":

Darryl E. Robinson, P.C. (plaintiff's attorney), 1505 East 53rd Street, #200, Chicago, IL 60615 under "Creditor's Name and Mailing Address Including Zip Code" and "Medical malpractice claim for law firm's client" under Date Claim Was Incurred and Consideration for Claim, If Claim is Subject to Setoff, So State."

3. Darryl E. Robinson has represented plaintiff since before 2004 in her Cook County Circuit Court and USBC ND IL ED actions, including the adversary proceeding *sub judice*.

4. USBC ND IL ED No. 04-23845 was dismissed on November 23, 2004 (Defendant's Exhibit 2.)

5. USBC ND IL ED No. 05-40196 was dismissed on January 17, 2006 (Defendant's Exhibit 4.)

6. In USBC ND IL ED No. 05-40196, Defendant listed plaintiff's action against him in Cook County Circuit Court, No. 03 L 15759, in the voluntary petition's statement of financial affairs.

7. Defendant's voluntary petition in USBC ND IL ED No. 05-40196 listed said lawsuit in the statement of financial affairs because:

   a. The voluntary petition was prepared for him by attorney Nathanial R. Sinn.

   b. Mr. Sinn listed the said lawsuit in an incorrect location in the voluntary petition, that of the statement of financial affairs, and testified on 9/17/07 that he did so through inadvertence and not intention, and with no fraudulent intent by him or defendant to deceive or mislead the Court, any creditors, any trustees, or others (Designation Ex. Q., Tr. pp. 30-35 and pp. 35- 54.)

   c. At the time that Mr. Sinn prepared for plaintiff the voluntary petition in USBC ND IL ED 05-40196, Mr. Sinn and other attorneys in the law firm in which he had then been working, during his first year in practice after his admission to practice, were preparing daily and weekly a very high volume of bankruptcy petitions, in anticipation of an impending deadline for revised bankruptcy filing procedures to become effective, pursuant to legislative enactment (Designation Ex. Q., Tr. pp. 30-35.)

   d. Plaintiff's Cook County Circuit Court action, number 03 L 15759 was included in defendant's voluntary petition in USBC ND IL ED 05-40196, and was not omitted therefrom, and defendant further described it in the statement of financial affairs as "Civil" for nature, "Cook" for Court, and "Pending" for Status.

8. In his findings of facts and conclusions of law, Judge Schmetterer found, *inter alia*,

   a. Debtor made a false oath when he signed the Declaration Concerning Debtor's Schedules. It is no excuse that Debtor signed the declaration on the advice of counsel

4

with the belief that his attorney had included such information, or that he did not know the difference between schedule F and the Statement of Financial Affairs (Designation Ex. M., p. 10.)

b. Moreover, Debtor testified that his medical malpractice provider was covering the cost of defending Plaintiffs' state court lawsuits, but would not cover any judgment against him because his employer failed to purchase a "tail rider" to his insurance policy. Thus, Debtor had a financial motive for attempting to conceal his bankruptcy petition from plaintiffs (Designation Ex. M., p. 10.)

## ARGUMENT

1. a. Under 11 U.S.C. § 727(a)(4), the Court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case,

  b. made a false oath or account;

  c. presented or used a false claim;

  d. gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

  e. withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

  f. No such facts exist in this record.

2. a. Under 11 U.S.C. § 727(d)(1), the Court shall revoke a discharge granted under subsection (a) of this section,

   b. if such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

   c. No factual basis concerning any fraud by defendant exists in this record, and no factual basis exists in the record that plaintiff did not know of such unspecified fraud until after January 17, 2006, especially since she admits in her answer that she was aware as of December 23, 2005 of defendant's pending bankruptcy.

3.    a. The purpose of a discharge is to "release an honest debtor from his financial burdens and to facilitate the debtor's unencumbered `fresh start'". *In re Pelkowski,* 990 F.2d 737, 744 (3d Cir.1993) (citing *Kokoszka v. Belford,* 417 U.S. 642, 645-46, 94 S.Ct. 2431, 2433-34, 41 L.Ed.2d 374 (1974)).

   b. In limited circumstances, the debtor's discharge may be revoked; however, revocation is an extraordinary remedy. *In re Trost,* 164 B.R. 740, 743 (Bankr.W.D.Mich.1994).

c. Revocation of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge. *In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir.1986).

   d. "To revoke a discharge under § 727(d), the debtor must have committed a fraud in fact which would have barred the discharge had the fraud been known." *In re Edmonds,* 924 F.2d 176, 180 (10th Cir.1991).

   e. In order to effectuate revocation under § 727(d), such fraud must be discovered *after* discharge. *In re Dietz,* 914 F.2d 161, 163 (9th Cir.1990).

   f. Under Fed.R.Civ.P. 9(b), "[in] all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

6

Federal Rule of Civil Procedure 9(b) is made applicable to bankruptcy proceedings through Fed. R.Bankr.P. 7009.

The burden of proof for objections to discharge is the ordinary preponderance of the evidence standard. *In re Lawler,* 141 B.R. 425, 429 (9th Cir. BAP 1992); *In re Serafini,* 938 F.2d 1156, 1157 (10th Cir.1991).

Plaintiff in the instant adversary proceeding has not pled with specificity, or otherwise adduced specific evidence of, the alleged fraudulent conduct of defendant.

g. As a general rule, to obtain relief under § 727(d)(1), the plaintiff must prove that the debtor committed fraud in fact. *Edmonds,* 924 F.2d at 180.

The fraud must be proven in the procurement of the discharge and sufficient grounds must have existed which would have prevented the discharge *In re Topper,* 85 B.R. 167, 169 (Bankr. S.D.Fla.1988).

The plaintiff must also prove that it was unaware of the fraud at the time the discharge was granted. *Id.*

h. If a creditor or any other party which might object to a debtor's discharge has knowledge of a possible fraud, the burden is on the objecting party to diligently investigate any possibly fraudulent conduct before discharge.

If the party decides to wait until after discharge, that party risks dismissal of its § 727(d)(1) action. *Mid-Tech Consulting, Inc. v. Swendra,* 938 F.2d 885, 888 (8th Cir.1991).

i. There exists absolutely no evidence that defendant procured his discharge through fraud.

Whether an attorney is away from the attorney's office, or is otherwise not causing the attorney's incoming communications by letter or telefax or telephone message or emailing to be relayed to the attorney, due notice to the attorney and to the attorney's client is not abnegated or vitiated. Where a party is represented, notice to the party's attorney serves as notice to the party. FBR 9010. Defendant committed no acts of knowing or deliberate or intentional or fraudulent failure to list plaintiff as a creditor upon his bankruptcy petition. Defendant committed no criminal or tortuous acts, whether negligent or intentional, upon plaintiff. Plaintiff did receive timely and adequate notice under Federal Rule of Bankruptcy Procedure 4007(c). Defendant was not fraudulent in not scheduling under the list of creditors the names of all creditors who had pending lawsuits against him.

## CONCLUSION

Defendant did not commit fraud in his listing of creditors in his voluntary petition in its statement of financial affairs and not its schedule of creditors.

Plaintiff was on due notice of debtor's voluntary petition, through faxing by defendant's attorney to their attorney in the month prior to discharge, and through listing of them in the schedule of creditors in debtor's previous voluntary petition.

The Bankruptcy Court's prior discharge in bankruptcy of creditors' claims should not have been vacated, to allow their state court actions to proceed.

For all the foregoing reasons, appellant-defendant urges that the Court reverse the Bankruptcy Court's findings of fraud, and remand the action to the Bankruptcy Court for proceedings consistent therewith.

/s/ _____
Steven H. Jesser, Attorney at Law, P.C.

Steven H. Jesser
Steven H. Jesser, Attorney at Law, P.C.
Attorney for Plaintiff
790 Frontage Road, Suite 110

Northfield, IL 60093
(847) 424-0200
shj@sjesser.com

Dated: March 13, 2007

## CERTIFICATE OF FILING AND SERVICE

I, Steven H. Jesser, the attorney, certify that on March 13, 2008 I electronically filed with the Clerk of Court and deposited with USPS Priority Mail the foregoing and within BRIEF OF APPELLANT BRUCE S. SMITH, MD addressed to the Clerk of Court, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, and to Darryl E. Robinson, 1505 East 53rd Street, Suite 200, Chicago, IL 60615.

/s/ Steven H. Jesser